## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

**KYRA MUELLER,**
                              **Plaintiff,**

**v.**                                                         **Case No. 15-cv-1318**

**LIBERTY MUTUAL GROUP, INC.,**
                              **Defendant.**

_____

## ORDER

Plaintiff Kyra Mueller filed this action against defendant Liberty Mutual Group alleging a violation of the Employee Retirement Income Security Act ("ERISA"). Plaintiff's claim appears to be one for benefits due under 29 U.S.C. § 1132(a)(1)(B). On December 29, 2015, I held a telephonic conference with the parties, and defendant discussed its concerns that Liberty Mutual Group was not the proper defendant in this action. I gave plaintiff 30 days to file an amended complaint naming the proper defendant(s). On January 12, 2016, plaintiff filed a motion to amend the complaint which named Liberty Mutual Group, Liberty Life Assurance Company of Boston, and Wells Fargo & Co. as defendants. Defendant Liberty Mutual opposes the amendment because, it contends, it still names improper defendants.[1] I now address plaintiff's motion to amend the complaint.

I "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), unless amendment would be futile, _Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind._, 786 F.3d 510, 519-20 (7th Cir. 2015). "A cause of action for 'benefits due' must be brought against the party having the obligation to pay." _Larson v. United_

_____

[1] Plaintiff did not respond to Liberty Mutual's opposition brief.

*Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013). Generally, benefits are the obligation of the plan and the plan is the only proper defendant. *Id.* at 911. An exception to this rule, however, is when the plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims; in this case, the insurance company itself is the proper defendant. *Id.* at 913.

Here, plaintiff was employed by defendant Wells Fargo, which has both short-term and long-term disability plans. Plaintiff asserts claims for benefits due under both. Regarding her short-term disability claim, Liberty Mutual presents evidence the plan is self-insured, meaning that the insurance company is not involved in eligibility determinations and does not pay claims. *See* Lindevig Decl. Ex. A at 43 (ECF No. 12-1). Regarding her long-term disability claim, Liberty Mutual presents evidence that the plan is insured by Liberty Life Assurance Company of Boston, and thus it appears that the Liberty Life is obligated to pay under the long-term disability plan. *See id.* at 59. Plaintiff did not respond to Liberty Mutual's opposition brief and therefore does not dispute these facts.

Based on these facts, I agree with Liberty Mutual that plaintiff's proposed amended complaint fails to correct the infirmities discussed in our December 2015 conference. Plaintiff has provided no basis for naming Wells Fargo or Liberty Mutual as defendants, and it appears that at least one proper defendant is still missing (the short-term disability plan). Thus, the proposed amendment would be futile and I will deny plaintiff's motion.[2]

---

[2] Liberty Mutual also argues that plaintiff improperly served copies of the proposed amended complaint and summons on the newly-named defendants and asks that I

I will, however, give plaintiff one more opportunity to file an amended complaint naming the proper defendants. She may file a renewed motion to amend in which she should provide argument as to why the defendants named in her proposed amended complaint are proper. Plaintiff is advised that if within 30 days she does not file an amended complaint that names that proper defendants in this action, I may dismiss this case without prejudice for lack of diligence under Civil L.R. 41(c).

**THEREFORE, IT IS ORDERED** that plaintiff's first motion to amend/correct summons and complaint (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file a renewed motion to amend the complaint within 30 days of the date of this order. Failure to name the proper defendant(s) may result in dismissal without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's attempt to serve her proposed amended summons and complaint on the proposed defendants was ineffective.

Dated at Milwaukee, Wisconsin this 1st day of March, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

declare this service ineffective. Plaintiff did not respond, and because I am not allowing the proposed amended complaint to stand, I grant Liberty Mutual's request.

3